IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HUBERT SEATON | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1322 |
| MATT BINGHAM, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Hubert Seaton, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Smith County District Attorney Matt Bingham and two assistant district attorneys identified as "Prosecutor 1" and "Prosecutor 2."

**I. Background**

Seaton's complaint reads as follows:

DA Matt Bingham failed to investigate criminal complaints filed by the Plaintiff against Judge Patterson and others. He failed to investigate the targeting harassment charges in the evading arrest with a motor vehicle charge in which the Plaintiff simply drove home because of prior threats that had been made against him. He never was speeding or evading the ofc [officer]. The ofc pulled and pointed his gun at the Plaintiff's head without just cause. Bingham failed to provide the evidence needed to prove my innocence as requested. Occurred between 2013 and 2016.

For relief, Seaton requests as follows:

Overturn the illegal plea deal, investigate the civil rights violations of the DA's office, Judge Jack Skeen Jr., the City Marshal, others. The Klan affiliation of the arresting officer. Dismiss the evading arrest with a motor vehicle charge with prejudice. Award the Plaintiff damages of $5,000,000.00.

1

On May 2, 2016, according to Smith County records, Seaton pleaded guilty to and was convicted of evading arrest or detention with a vehicle, receiving a fully probated sentence of 10 years in prison. Seaton did not appeal this conviction, nor has he sought state habeas corpus relief.

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge observed that a district attorney and his assistants have absolute immunity from claims for monetary damages for any actions taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in preparing the State's case. This immunity extends to the prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution. The Magistrate Judge concluded that Seaton's claims for monetary damages are barred by prosecutorial immunity.

While Seaton complained that Bingham did not investigate criminal charges which he, Seaton, filed, the Magistrate Judge determined that this claim lacked merit because there is no right to have another person criminally prosecuted. To the extent Seaton complained of the legality of his conviction, the Magistrate Judge stated that such a claim sounds in habeas corpus, but Seaton has not exhausted his state court remedies. The Magistrate Judge therefore recommended that the lawsuit be dismissed as frivolous and for failure to state a claim, with prejudice as to any monetary relief sought, but without prejudice as to Seaton's right to challenge his conviction through any lawful means.

## III. Seaton's Objections

In his objections, Seaton argues that the State had no legal jurisdiction, rendering the charges and his plea deal illegal and invalid. He asserts that because the State had no legal jurisdiction, he is not obligated to seek state habeas corpus relief. Furthermore, Seaton contends that where there is no jurisdiction, there is no absolute immunity from suit.

Seaton maintains that Bingham had "a legal and moral obligation" to investigate the charges against Judge Patteson. He states that there would never have been a prosecution had Bingham

2

performed his duties because the District Attorney had a moral and legal obligation to establish legal jurisdiction, but chose not to do so.

Seaton attaches as exhibits a copies of newspaper articles concerning charges brought against County Judge Joel Baker alleging violations of the Texas Open Meetings Act, but he fails to explain how these are pertinent to his case. He also attaches a statement by an individual named Benny Young attesting that Seaton gave him a puppy after receiving a ticket. He indicates that the puppy often ran away from home and returned to Seaton's house. Seaton notified Young that the City of Tyler Animal Control wanted the dog, and Young gave the dog to them, but Animal Control did not tell Young why they took his dog.

Seaton stated in his objections that he would provide more cause not to dismiss his case in a few days, but he did not do so. A month after filing the objections, Seaton filed a motion for appointment of counsel  Two months after that, Seaton filed a motion asking that the federal court order Bingham to show proof of legal jurisdiction. He again states that he can prove the State lacked jurisdiction, but offers nothing to substantiate this assertion.

**IV. Discussion**

The Supreme Court has explained that a prosecutor's absolute immunity will not be stripped because of action which was in error, was done maliciously, or was in excess of his authority; instead, the prosecutor will be subject to liability only when he has acted in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

Seaton does not make clear which prosecution he complains of. He refers in his complaint to a charge of evading arrest, but in his objections, Seaton discusses a prosecution in municipal court for failing to vaccinate a dog. *See Seaton v. Tyler Municipal Court, et al.*, civil action no. 6:16cv1271 (complaining that Judge Patteson allowed an illegal prosecution regarding Plaintiff's unvaccinated dog); *Young, et al. v. Animal Control Department, et al.*, civil action no. 6:17cv23 (lawsuit by Seaton and Benny Young complaining that the City of Tyler Animal Control Department confiscated Benny Young's dog without explanation); *Seaton v. Kenison, et al.*, civil action no.

6:16cv1318 (lawsuit against animal control officer Deb Kenison for issuing him an illegal dog vaccination ticket and committing perjury at his trial on the charge); *Seaton v. Director, Smith County Probation*, civil action no. 6:17cv36 (habeas corpus petition challenging illegal dog vaccination ticket). *Compare Seaton v. Chambliss, et al.*, civil action no. 6:16cv1319 (lawsuit against City Marshal Chambliss alleging an unjust arrest for the offense of evading arrest with a motor vehicle); *Seaton v. Director, Smith County Probation*, civil action no. 6:17cv37 (habeas corpus petition challenging conviction for evading arrest with a motor vehicle).

While Seaton does not specify the conviction to which he refers, his objections fail in any event because he has offered nothing to suggest that the prosecutors acted in the clear absence of all jurisdiction in either of these prosecutions. *See Kerr v. Lyford*, 171 F.3d 330, 339 (5th Cir. 1999), *abrogated in part on other grounds by Castellano v. Fragozo*, 352 F.3d 939, 948-49 (5th Cir. 2003); *Champluvier v. Couch*, 309 F.App'x 902, 2009 U.S. App. LEXIS 2690, 2009 WL 320829 (5th Cir., February 10, 2009).

Seaton argues that Bingham had "a moral and legal obligation" to investigate the charges he filed against Judge Patteson, but offers no basis for this assertion. The Magistrate Judge correctly determined that Seaton has no constitutional right to have other persons criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1991). Seaton has not shown that he is entitled to appointment of counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). His objections are without merit.

**V. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 5) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted as to the Plaintiff's claims for monetary damages, but **WITHOUT PREJUDICE** to the Plaintiff's right to challenge his conviction by any lawful means. It is further

**ORDERED** that all motions which may still be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **14** day of **May, 2017.**

_____
Ron Clark, United States District Judge